IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Darryl Bernard Morgan, Jr., | ) | Case No.  1:21-cr-143 |
| | ) | |
| Defendant. | ) | |

On July 28, 2021, the court issued a Stipulated Discovery Order and Protective Order memorializing the parties' agreement regarding discovery. (Doc. No. 34). Paragraph 5 of this order prohibits defendant and any third party from possessing certain discovery. (Id.). Specifically, it provides:

> 5.	Grand jury testimony, Jencks Act statements, and other discovery material will remain in the sole custody of the party's attorney or the agent working on behalf of the attorney and shall not be left with the defendant or any third party. The prohibition on leaving materials with the defendant or third party shall not apply to items discoverable under Fed. R. Crim. P. 16 and, to the extent they are intended for use as evidence in case-in-chief at trial, copies of documents, tangible objects, and reports of examinations and tests. Other than for uses associated with representation of the defendant in the criminal case now pending, the defense shall not photocopy or reproduce grand jury transcripts, Jencks Act statements, or exhibits. If the attorney for the defendant is subsequently allowed to withdraw from this case, and a new attorney is appointed or retained, upon agreement by the United States Attorney's Office, the withdrawing attorney may provide copies of transcriptions, summaries, notes, or dictations of discovery material to the new attorney. The new attorney, however, shall be subject to the terms of this Order.
> 	For defendants who are detained pending trial, the parties may modify this paragraph on a case-by-case basis without leave of the Court. Any modification of this paragraph must be in writing and approved by the United States Attorney or his designee.

(Id.).

On November 7, 2022, Defendant filed a "Motion for use of Computer to Review

Discovery." (Doc. No. 164). He is presently incarcerated at the Mercer County Correction Center ("MCCC") in Stanton, North Dakota, awaiting his sentencing on January 17, 2023. He acknowledges that he can review discovery when meeting in person with counsel. However, he asserts that he is unable to review the discovery at his own pace and in his own time as discovery must be removed when counsel ends the meeting. Consequently, he seeks an order from the court that allows him to electronically access and review discovery on a computer at his leisure outside of counsel's presence.

To facilitate what defendant has requested, all of the discovery in this case would have to be loaded onto a storage device and provided to MCCC, which would be tasked with safeguarding the storage device and for providing defendant with reasonable access to the storage device along with a computer to which the storage device can be connected. If MCCC does not have a computer, one would have be provided for defendant's use.

The court appreciates that the discovery in this case is voluminous. It also appreciates the logistical issues posed by the geographical distance between defendant and defense counsel and the resulting demands on defense counsel's time. Nevertheless, while a defendant generally has a right to review the discovery materials that will be used against him at trial, *see* United States v. Hung, 667 F.2d 1105, 1108 (4th Cir.1981), these principles do not mandate a defendant's possession of all discovery materials. See e.g., United States v. Ruth, No. 1:18-CR-00004 EAW, 2020 WL 3063939, at *3 (W.D.N.Y. June 9, 2020) ("[R]easonable restrictions on Defendant's access to the materials in a jail setting are ... appropriate."); United States v. Gerard, No. 3:16-CR-270, 2018 WL 4113351, at *3 (W.D.N.C. Aug. 29, 2018) (denying criminal defendant's motion to retain and review all discovery materials while in jail); Johnson v. United States, No. 2:07-CR-00924-DCN-3, 2014 WL

295157, at *5 (D.S.C. Jan. 27, 2014) (opining that it was not improper to restrain counsel from leaving discovery materials with the petitioner in jail to safeguard the material contained therein); cf. In re Bragg, 2012 WL 566958, at *3 (W.D. Va. Feb. 21, 2012) (noting that standard practice is to restrict discovery materials to the possession of defense counsel); cf. United States v. Youker, No. 2:14-CR-0152-SMJ-1, 2015 WL 13864169, at *2 (E.D. Wash. Apr. 30, 2015) (noting that while a pro se defendant is entitled to review discovery, this does not mean he is entitled to all discovery materials in pretrial detention, especially given that the court appointed the defendant standby counsel). The fact that defendant cannot personally possess certain discovery does create some inconvenience. However, it does not preclude or prevent him from reviewing this material with counsel and/or counsel's representative or agent.

The court finds that the restriction on who may physically possess certain discovery materials as agreed upon by the parties and as set forth in the Stipulated Discovery Order and Protective Order is reasonable and appropriate under the circumstances. Consequently, defendant's motion (Doc. No. 164) is **DENIED** insofar as defendant seeks possession of discovery materials not encompassed by Fed. R. Crim. P. 16.

Defendant's motion (Doc. No. 164) is also **DENIED** as it pertains to his request to electronically access and review discovery generally via computer. The court is aware that, on previous occasions, it has permitted defendants to review electronic discovery by giving them long-term access to computers at their pretrial detention facilities. However, it also recognizes that the federal judicial system in general and pretrial detention facilities in particular have greatly improved their video-conference capabilities in response to the COVID-19 pandemic, giving defendants a means of reviewing discovery virtually with counsel.

The United States Marshals Service has advised the court that MCCC can arrange for a video conference via Zoom between defendant and defense counsel during which defense counsel can use the screen-sharing function to review discovery with defendant. Although not ideal, this should suffice under the circumstances.

In sum, the court finds that reviewing discovery materials via video conference with defense counsel is a viable alternative to what defendant has proposed. Alternatively, arrangements can presumably be made for defendant to review discovery at MCCC in the physical presence of a representative or agent for defense counsel. Should defense counsel require funds to secure a representative or agent who can sit with defendant at MCCC while defendant reviews discovery he is unable to retain possession of under the terms of the Stipulated Discovery Order and Protective Order, defendant can file the appropriate motion.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2022.

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court